**In re William Karl JENNINGS, Debtor.**

**Bankruptcy No. 96–43341.**

United States Bankruptcy Court,
W.D. Missouri.

Jan. 21, 1997.

Christopher A. Cushman, Kansas City, MO, for Debtor.

Neil A. Sader, Brown, Nachman & Sader, Kansas City, MO, for Creditor.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Creditor Noland Road Development Company ("Noland") filed a motion for relief from the automatic stay in this Chapter 13 bankruptcy case. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). For the reasons set forth below, Noland's motion will be GRANTED, allowing Noland to pursue its rights to regain possession of the leased premises under state law.

### FACTUAL BACKGROUND

Debtor is the sole proprietor of a bookstore named Fireside Books located at 3625 South Noland Road, Independence, Missouri. Said premises are leased from Noland. Debtor entered into a non-residential lease agreement with Noland in October of 1995 for a term of five years. He is currently in arrears as to the lease. Noland obtained a money judgment against debtor on September 30, 1996, for past-due rent in the amount of $6,360.52 and attorney's fees in the amount of $975.00. Noland also obtained a judgment for possession at the same time. To prevent eviction, debtor filed his bankruptcy petition as an emergency filing on October 9, 1996. Debtor, therefore, did not file a plan or schedules when he filed his petition. The Clerk of Court informed debtor at the time of filing that the notice for the first meeting of creditors would be mailed by the Court to everyone listed on the mailing matrix. It is undisputed that Noland was included on the mailing matrix filed with the petition. It is also undisputed that Noland received notice of the bankruptcy filing and of the first meeting of creditors held November 14, 1996. Doc. # 3. Debtor filed his Chapter 13 Plan and Plan Summary, along with his bankruptcy schedules, on October 31, 1996. Doc. # 5. The plan provides that debtor will assume the lease of Noland Road Development Company. *Id.* There is no record in the file that debtor ever served the plan or plan summary on any creditors in this case, including Noland. The trustee objected to confirmation, and a confirmation hearing was scheduled for December 16, 1996, with notice to debtor and his counsel. Neither appeared at the hearing and confirmation was denied.

Debtor did not obtain an extension of time to assume or reject the lease; therefore, Noland filed a motion for relief from the

automatic stay on December 13, 1996, sixty-five days after debtor filed for bankruptcy relief. In its motion Noland maintains that debtor failed to affirmatively assume the lease in question within sixty days, therefore, the lease is rejected pursuant to 11 U.S.C. § 365(d)(4). ˙ Noland requests the authority to regain possession of the premises, as permitted by Order of the Associate Circuit Court of Jackson County, Missouri.

Debtor filed his Amended Chapter 13 Plan and Plan Summary on January 2, 1997. In addition to stating that debtor assumes the lease of Noland Road Development Company, the amended plan provides for the lease arrearage in the amount of $6,360.52 to be paid "at the rate of $500.00 per month, before all other non-priority creditors, until paid in full." Doc. # 14.

A hearing was held on Noland's motion on January 13, 1997. At that time, Noland's attorney represented to this Court that debtor has been late in making his lease payments since the inception of the lease, that Noland has another potential lessee interested in the space, and that the arrearage is now $8,400.00.[1] Debtor's attorney claimed that it was consistent with his practice to serve the original plan on Noland's attorney; he conceded, however, that he did not file proof of service with the Court. Debtor's attorney also conceded that he had not served the amended plan on Noland's attorney as of January 13, 1997. Noland's counsel contended that he had not received service of either plan.

## DISCUSSION

▉ The issue to be decided here is whether debtor effectively assumed the lease with Noland within sixty days of the bankruptcy filing. If so, the motion for relief from stay must be denied. Section 365 of the Code provides in relevant part:

(a) Except as provided in section 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

．　　．　　．　　．　　．

(4) Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

11 U.S.C. § 365(a) and (d)(4). In a Chapter 13 case, absent any limitations or conditions that the Court imposes, a debtor has all the rights and powers of a trustee. 11 U.S.C. § 1303. Therefore, debtor has the authority to assume the lease if he does so within sixty days of the petition.

Section 365 does not explicitly state the manner in which a debtor must indicate his intention to assume or reject a lease.[2] Section 1322(b)(7) of the Code provides that a Chapter 13 plan may "subject to section 365 of this title, provide for the assumption, rejection, or assignment of any executory contract or unexpired lease of the debtor not previously rejected under such section." 11 U.S.C. § 1322(b)(7). Here, debtor's initial plan, which was filed within sixty days, did state his desire to assume the lease. However, debtor failed to show that he served copies of the Chapter 13 Plan and Plan Summary on Noland's attorney.[3] In particular,

1. Since it is not relevant to Noland's motion for relief from the automatic stay, I make no finding in this opinion regarding the exact amount of the arrearage. I note, however, that there is some confusion as to the amount of the arrearage.

2. I note that Rule 13.13 of the Local Rules of Practice—United States Bankruptcy Court—Western District of Missouri (the "Local Rules") provides that "[i]t is the debtor's responsibility,

and not the trustee's, to assume, reject, or assign an executory contract or unexpired lease." Local Rule 13.13.

3. Rule 13.04 of the Local Rules provides that "[E]ach Chapter 13 plan must be filed with a plan summary or a combination plan/plan summary ... Debtor shall serve the plan and summary on all creditors when the plan is filed and amended plan on affected creditors." Local

he never filed a proof of service with this Court, as he is required to do. Noland's attorney stated, and I find, that he never received a copy of the plan. The question then becomes whether debtor's failure to notify Noland of his decision to assume the lease within sixty days of the filing means the lease is rejected.

■ As shown, a debtor is allowed to assume a lease in a Chapter 13 plan, however, the intent to assume must be timely, and notice of such intent must be given to the lessor. *Republic Health Corp. v. Coral Gables, Ltd. (In re REPH Acquisition Co.)*, 134 B.R. 194, 195 (N.D.Tex.1991); *In re Flugel*, 197 B.R. 92, 95 (Bankr.S.D.Cal.1996); *Riddle v. Aneiro (In re Aneiro)*, 72 B.R. 424, 427 (Bankr.S.D.Cal.1987); 11 U.S.C. § 1322(b)(7); Fed.R.Bankr.P. 6006.

■ In this case, debtor did not give timely notice to Noland of his intent to assume. The debtor did not file his plan at the same time he filed his Chapter 13 petition. Thus, creditors were not informed of the filing of debtor's plan when they were informed of the first meeting of creditors. Then, debtor failed to send Noland a copy of the plan or notice that the plan was on file with the Court. The sixty day period expired on Monday, December 9, 1996. Thereafter, on December 16, 1996, debtor's counsel failed to appear at the confirmation hearing. As a result, the Court denied confirmation of the initial plan without granting an extension of time to assume the lease or to file an amended plan. By the time debtor filed an amended plan on January 2, 1997, the sixty day period to assume the lease had expired, and there was no pending request to either assume the lease or extend the time to do so. I find that section 365(d)(4) requires, at a minimum, that a debtor inform a lessor within sixty days after the date of the order for relief of its intention to assume or reject its lease. I further find that when this Court denied confirmation of the Chapter 13 plan in which debtor stated his intention to assume the lease, debtor needed to preserve his right to assume the lease by seeking an extension

of time pursuant to section 365(d)(4). Debtor is now out of time to exercise those rights both because of his failure to notify Noland of his intention within sixty days of the petition, and because he did not obtain an extension of time to state his intention in the Amended Chapter 13 Plan and Summary.

For all of the above reasons, I find that debtor has failed to satisfy the requirements of section 365(d)(4), therefore, the lease is deemed rejected. Noland Road Development Company's Motion to Lift the Automatic Stay will be GRANTED, and Noland may pursue its rights to regain possession of the premises pursuant to state law.

Rule 13.04A. I note that if debtor had, instead, filed a motion to assume the lease, such motion would have been governed by Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure.